UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. K. WADE,<br><br>Plaintiff,<br><br>v.<br><br>ELAINE CHAO, Former Secretary of Labor,<br><br>Defendants. | No. 2:17-cv-0004 TLN DB PS<br><br>ORDER |

Plaintiff, E. K. Wade, is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Noticed for hearing before the undersigned on June 9, 2017, is defendants' April 27, 2017 motion to dismiss.[1] (ECF No. 17.) However, defendants' motion to dismiss asserts that plaintiff has "filed numerous lawsuits in the Northern District against the DOL and its employees," and may have filed this action in this district "to circumvent the filing restrictions he was under in the Northern District of California." (ECF No. 17-1 at 11.) Moreover, it appears from the allegations found in plaintiff's fourth amended complaint that the acts at issue in this action occurred within the boundaries of the United States District Court for the Northern District of California.

---

[1] Also pending before the court is plaintiff's May 2, 2017 motion for a 15-day extension of time to complete service. (ECF No. 18.) That motion will be granted.

1

Venue in a civil action is generally proper in (1) a judicial district where any defendant resides, if all defendants reside in the same State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). However, a Federal Tort Claims Act cause of action against the United States may only be brought in the district in which plaintiff resides or wherein the alleged act or omission occurred. 28 U.S.C. § 1402(b). Nonetheless, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

Here, given the amended complaint's allegations, plaintiff's litigation history, and the possibility that plaintiff commenced this action in this district to circumvent filing restrictions, it appears to the undersigned that this action should be transferred to the United States District Court for the Northern District of California. The parties, however, will first be given an opportunity to address this issue.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days of the date of this order any party may file objections to the transfer of this action to the United States District Court for the Northern District of California;

2. The June 9, 2017 hearing of defendants' motion to dismiss (ECF No. 17) is continued to **Friday, July 28, 2017, at 10:00 a.m.**, at the United States District Court, 501 I Street, Sacramento, California, in Courtroom No. 27, before the undersigned;

3. Plaintiff's May 2, 2017 motion for a 15-day extension of time (ECF No. 18) is granted.

Dated: June 6, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/wade2354.cont.hrg.transfer

3