1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   E. K. WADE,                              No.  2:17-cv-0004 TLN DB PS

12              Plaintiff,

13         v.                                 ORDER

14   ELAINE CHAO, Former Secretary of
     Labor,
15

16              Defendants.

17

18         Plaintiff, E. K. Wade, is proceeding in this action pro se.  This matter was referred to the

19   undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  On June 7,

20   2017, the undersigned issued an order granting the parties fourteen days to filing any objections

21   to the transfer of this action to the United States District Court for the Northern District of

22   California.  (ECF No. 29.)  Therein, the undersigned noted that the events at issue in this action

23   appear to have taken place in the Northern District, and that the defendants had filed a motion to

24   dismiss asserting that that plaintiff had "filed numerous lawsuits in the Northern District against

25   the DOL and its employees," and may have filed this action in this district "to circumvent the

26   filing restrictions he was under in the Northern District of California."  (Id. at 1.)

27   ////

28   ////

                                             1

On June 16, 2017, plaintiff filed objections.[1]  (ECF No. 30.)  Therein, plaintiff asserts that he did not file this action in this court to circumvent his filing restrictions in the Northern District.  (Id. at 1.)  However, plaintiff did file this action in this district "with the understanding that the Clerks would transfer Plaintiff's complaint to the Northern District."  (Id. at 2.)

Venue in a civil action is generally proper in (1) a judicial district where any defendant resides, if all defendants reside in the same State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b).  However, a Federal Tort Claims Act cause of action against the United States may only be brought in the district in which plaintiff resides or wherein the alleged act or omission occurred.  28 U.S.C. § 1402(b).  Nonetheless, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).

Here, the events at issue took place in the Northern District.  Plaintiff believed this action would be transferred to the Northern District.  And the parties have a substantial litigation history in the Northern District.  In this regard, even if plaintiff did not purposefully file this action in this district to circumvent the filing restrictions in the Northern District, it appears to the undersigned that this action should be transferred to the United States District Court for the Northern District of California.

////

////

////

////

////

---

[1]  On June 20, 2017, defendants filed a statement of non-opposition to the transfer of this action to the Northern District.  (ECF No. 33.)

Accordingly, IT IS HEREBY ORDERED that this action is transferred to the United States District Court for the Northern District of California.

Dated: July 4, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/wade004.transfer.ord